HOWARD *v.* HUNT.                    { Aug. 11, 1876

*Pleading—Notice—Evidence.*

In general, a party cannot put in evidence his own statements not made in the presence of the other party.

The rule in pleading, that all the material facts must be properly alleged, applies to the averment of notice, which is only necessary when the notice is of the *gist* of the action.

When the defendant agreed that his daughter, an infant, should not revoke a certain contract—*Held*, that notice to the defendant of such revocation need not be averred.

The party, on revoking, tendered to the plaintiff the money paid her as the consideration for her promise, which he did not accept. *Held*, that the sum so tendered was not to be deducted in awarding damages.

FROM CHESHIRE CIRCUIT COURT.

ASSUMPSIT. The declaration alleged, in substance, that the defendant, in consideration that the plaintiff would buy of the defendant's minor daughter, Eliza, her interest and share in the estate of one Abel Hunt, deceased, by virtue of the will of said Abel, and pay her therefor the sum of $150, promised that the said Eliza should not revoke any contract for the sale of her said interest which she might make with the plaintiff ; that he would guarantee such sale, &c., alleging a revocation by said Eliza, and breach by the defendant, &c.

Records from the probate court were introduced, showing that the

estate of said Abel Hunt has been already distributed to legatees, by a decree of that court, to the amount of $16,500, of which the share of the said Eliza was $375 ; and that there now remains undistributed the further sum of $2,701.89. As to this sum, there was no evidence, except that furnished by the probate records, which may be referred to in argument. It did not appear from any evidence whether that sum has been increased by interest, or diminished by charges of administration or otherwise, since the date of the decree by which the $16,500 was distributed.

The defendant testified, and introduced the testimony of other witnesses, to the effect that at the time the trade was concluded he was appealed to by his daughter for advice as to whether she should sell or not, and that he declined to give any advice, saying, in effect, that he should not have anything to do about it. While on the stand, the defendant's counsel asked him this question : "What had you told your children before that day about their selling to Howard?" (There were other children of the defendant's who had a like interest to that of Eliza, and who assigned the same to the plaintiff the same day.) This question was excluded, and the defendant excepted.

The plaintiff introduced evidence tending to support all the material allegations of the declaration, which may be referred to in the argument.

The defendant requested the court to charge the jury, that inasmuch as there was no special allegation of notice to the defendant of doings before the action was commenced, and no such notice had been proved at the trial,—therefore,

1. He could not recover any damages in this suit. 2. But if he could recover any, it must be only nominal damages. 3. Or, if he is entitled to anything more than nominal damages, it would be only for the proportion of $16,500, as decreed by the judge of probate thirty-five months ago, with six per cent. 4. That he would not be entitled to recover the same proportion of the balance of $2,701.89 then remaining in the executor's hands to be accounted for at some future settlement, there being no evidence whatever in relation to the present amount or condition of such balance, or in relation to the amount and condition of the executor's accounts since said decree was made.

The court declined giving any of these instructions, as requested, but instructed the jury that if they found for the plaintiff, he would be entitled to recover the specific amount decreed by the judge of probate to said minor, with interest from that date, and also the same proportionate part of said balance, with interest thereon from the same date ; to which the defendant excepted.

The jury returned a verdict for the plaintiff, which the defendant moved to set aside for error in the above rulings.

The plaintiff had leave to remit the amount tendered him in behalf of said Eliza, when she revoked the assignment ($150 and interest), if found to be necessary.

Transferred by LADD, J.

*Lane,* with whom was *Carleton,* for the defendant.

1. The plaintiff sets forth in his declaration a claim against the defendant, to which he would be liable in a certain contingency, which might never happen, but which, if it did happen, would be peculiarly within the knowledge of the plaintiff, inasmuch as it would be a personal matter between himself and a third person, without any agency, intervention, or knowledge of the defendant. It is material, therefore, that the declaration contain an issuable allegation of notice to the defendant of the happening of such contingency before the action was commenced, and to prove such notice at the trial. 1 Parsons on Con. 180; *Kirks* v. *Burns,* 38 N. H. 141, 151, 153 ; *Wilson* v. *Walker,* 23 N. H. 474, 491; *County* v. *Londonderry,* 43 N. H. 457 ; 1 Chit. Pl. 330, 1.

We think the declaration itself may be defective in this particular. But however this may be, there was no evidence of any such notice having been given by the plaintiff to the defendant, *as the plaintiff distinctly testified at the trial that he never gave him any.* On this fact, the request of the defendant for the specified charge was rested. The plaintiff was not, therefore, entitled to a verdict on the case he had proved.

2. The infant had a perfect legal and moral right to rescind this contract at any time she might deem it for her interest, and the defendant had no legal authority or power to prevent it. In all cases, except for necessaries, the law secures to infants the full and complete right to rescind and avoid their contracts by restoring the other party to his original condition. This is a valuable right for the infant's protection, and its exercise is not reprehensible in any case, but is justifiable, and even an affirmative duty to their rights, as a public example when a minor has been overreached in a trade, as was done in this; and it must therefore be contrary to the policy of the law and the interests of the public to legalize any acts or contracts that would make it for the interests of parties to combine together to prevent infants from the exercise of the fullest freedom in revoking and rescinding their contracts.

The defendant having undertaken to guarantee that the infant should not do what her interests and duty required her to do, and what public policy protects as a positive right and duty, the promise is illegal and void. 2 Parsons on Con. 253; 1 Story Eq. 282; *Sayles* v. *Sayles,* 21 N. H. 312.

3. When a party has a legal, moral, and equitable right to rescind a contract, and exercises that right, he has no claim upon the other party for damages, but only to be restored to his original condition. And when a party exercises this right, his guarantor should not be liable beyond the liability of the principal. The promise in the present case is to "fully compensate" the plaintiff for any loss he might sustain thereby, providing the contract should be revoked, as was understood might be done. This had reference to the consideration paid by

the plaintiff to the infant, and not to the value of the trade made in fraud of an infant's rights.

4. The plaintiff is not entitled to recover of the defendant an equal proportion of the amount that was in the hands of the executor nearly three years ago, with six per cent. interest on that sum, without showing that the executor has it in his hands and is chargeable for it on the day of trial. There is, we contend, no principle of law that justifies this conclusion.

*Wheeler & Faulkner*, for the plaintiff.

1. The evidence of the declarations of the defendant at other times, to other persons, not in the presence of the plaintiff, was properly excluded. It had no legitimate tendency to prove or disprove the matter in issue, which was whether the defendant did or did not make the contract in regard to his daughter Eliza, alleged by the plaintiff. What he had on any former occasion said to Eliza herself about selling to the plaintiff would have been clearly irrelevant: what he had said to other persons about their contracts would have been, if possible, much more so. *Swamscott Machine Co.* v. *Walker*, 22 N. H. 457; *Foye* v. *Leighton*, 22 N. H. 71; *Concord Railroad* v. *Greeley*, 23 N. H. 237; 1 Gr. Ev., sec. 52.

2. The following is a copy of the declaration: "In a plea of the case, for that, heretofore, to wit, on the seventeenth day of January, A. D. 1873, at said Winchester, one Eliza A. Hunt, daughter of the defendant, an infant under the age of twenty-one years, was desirous of selling and assigning to the plaintiff all her interest in the estate of Abel Hunt, then late of said Winchester, deceased; and said defendant being also desirous that the said plaintiff should purchase of the said Eliza her said interest in said estate, and, with a view to induce her so to do, then and there promised said plaintiff, in consideration that he would purchase of her her said interest, and pay her therefor the sum of one hundred and fifty dollars, promised said plaintiff that the said Eliza should assign to him her interest in said estate; that the said defendant would guarantee to the plaintiff that the said Eliza should not revoke her said assignment; and that in case the said Eliza should at any time revoke her said assignment, and claim any interest in said estate, the said defendant would fully compensate the said plaintiff for any loss which he might sustain thereby.

"And the plaintiff avers that, confiding in said promise of said defendant, he purchased of the said Eliza all her interest in and claim to the estate of said Abel Hunt, and took an assignment of the same from her to him, and then and there paid her therefor the sum of one hundred and fifty dollars; but the said Eliza thereafterwards, to wit, on the twentieth day of May, A. D. 1873, revoked her said assignment, and claimed her full share in the estate of said Abel Hunt, of all which the said defendant then and there had notice;—yet the said defendant, though requested, has never compensated said plaintiff

for any part of the loss which he has sustained in consequence of the revocation of said assignment by said Eliza, as aforesaid."

It will be seen that the defendant's objection, that there was no special allegation of notice to the defendant before the action was commenced, was unfounded. The case does not show whether or not such notice was proved at the trial; but neither allegation nor proof of such notice was necessary to sustain the plaintiff's action. Although the term " guarantee " is used in one instance in the declaration in setting out the defendant's contract, this is not the ordinary case of one person becoming responsible for a credit to be extended to another, but it was a direct and independent contract, that the defendant would make good to the plaintiff the damages occasioned by the revocation of his daughter's assignment; and the ordinary rules applied to contracts of guaranty, strictly speaking, have no application here. The undertaking was absolute, and even if this were a case of guaranty, no notice would be necessary. The notice required in cases of guaranty is a notice of the amount advanced to the third person, upon the faith of the guarantee,—not a notice of the failure of the third party to meet his contract. Here no such notice would be required, as the defendant knew, at the time of making his contract, the precise sum paid.

If it should be held that the undertaking of the defendant was collateral, no notice was necessary, because the object of notice is to enable the guarantor to secure himself out of the property of the person for whom he has become responsible; and where such person has become insolvent, notice is not required, because it would be useless to the guarantor. In this case notice to the defendant would have been useless, because, Eliza being an infant, he could have maintained no action against her. *Beebe* v. *Dudley*, 26 N. H. 249, and cases cited.

3. The plaintiff, if entitled to recover at all, is entitled to recover the full amount of the loss sustained by him in consequence of Eliza's repudiation of her assignment, which would be the value of her interest in the estate of Abel Hunt.

4. Upon settlement of the executor's account, there was found in his hands, after payment of all debts and expenses, the sum of $19,201.89. Of this amount he was ordered to distribute among the several legatees the sum of $16,500, and to account for the remainder ($2,701.89) upon a future settlement. The interest of Eliza in this residue was the same as in the sum distributed; and, in the absence of any evidence on the part of the defendant, who had the means of showing, if such were the case, that the residue had been diminished by charges of administration or otherwise since the date of the claim, the presumption was, and the court properly instructed the jury, that the plaintiff would be entitled to recover the same proportional part of the balance, with interest.

If there had been no decree of distribution, and the plaintiff had put in evidence the will and the executor's account, no evidence being offered by the defendant, is there any room for question that he would be entitled to recover Eliza's proportionate share of the whole balance

found in the executor's hands, and that instructions to that effect should have been given to the jury? Her title to the balance was not derived through any decree of distribution, but under the will.

5. If it should be held that the instructions given, so far as they relate to the balance of $2,701.89, were erroneous, the plaintiff may remit so much of the damages as was derived from that source, or the verdict may be set aside in part only, and a re-trial granted as to the question of damages, the verdict having conclusively settled that the contract alleged was made and broken by the defendant. *Wiggin* v. *Smith,* 54 N. H. 213; *Wood* v. *Wood,* 52 N. H. 422; *Janvrin* v. *Fogg,* 49 N. H. 310; *Lyman* v. *Lisbon,* 49 N. H. 553; *Tupper* v. *Tupper,* Cheshire June Term, 1874.

6. There is no occasion to remit the amount of the tender. The money tendered has always remained the property of Eliza, in which, although the plaintiff had a right to take it, he could have no interest until he actually accepted. By bringing this suit, and taking judgment for the whole amount of her interest in the estate, he has effectually precluded himself from setting up hereafter any claim to the sum tendered.

CUSHING, C. J. The first objection is to the exclusion of the defendant's testimony as to what he had before told his children in reference to their selling out. No reason is obvious to me, and none is suggested in the defendant's brief, to make this an exception to the general rule, which prevents the party from putting in evidence his own statements not made in presence of the other party.

The defendant further objected that there was no sufficient allegation of notice of the facts alleged in the declaration, and no proof of such notice. The declaration contained the following allegation: "Of all which the said defendant then and there had notice." The allegation of notice does not differ from other allegations of fact. In Gould's Pleading, ch. 4, sec. 15, it is said that "in all cases in which actual notice of any fact to the defendant, or a special request is either by the terms or the nature of the contract the condition of his liability, such notice in the one case, and such request in the other, is of the gist of the action, and must, therefore, be specially averred in the declaration. For without such averment no complete right of action can appear from the declaration."

Such averment, in order to be strictly correct, must allege time and place; but ordinarily, time and place, being immaterial, are not traversable, and need not be proved. It is substantially enough if the notice appears from the allegation to have been given before the commencement of the action. A defect of this kind can only be objected to by special demurrer, and, of course, is waived by pleading the general issue, and is cured by a verdict.

The allegation, then, is well enough, but it appears that the allegation was not proved. It is said in the plaintiff's brief that it is not apparent from the case whether the declaration in this particular was

proved or not. I think, however, that we must understand from the case that there was no proof of notice, because, otherwise, there would have been no question to save.

The allegation of notice, however, was so distinct a matter that it might be wholly omitted, and still leave an intelligible declaration, so that, according to the received doctrine, the verdict would be good if proof of that fact were not necessary to the maintenance of the action.

Is this one of that class of cases in which notice is of the gist of the action? The necessity of notice in an action founded upon a contract must depend upon the contract itself, and may either be expressed in its terms, or result from them by necessary implication. In the present contract, as appears from the declaration, there was no express stipulation for notice, and the question is whether any is implied.

In *Vyse* v. *Wakefield*, 6 M. & W. 442, the rule is laid down by Lord ABINGER in these terms : "The rule to be collected from the cases seems to be this,—that where a party stipulates to do a certain thing in a certain specific event which may become known to him, or with which he can make himself acquainted, he is not entitled to any notice unless he stipulates for it; but when it is to do a thing which lies within the peculiar knowledge of the opposite party, then notice ought to be given him. That is the common-sense of the matter, and is what is laid down in all cases on the subject; and if there are any to be found which deviate from this principle, it is quite time that they should be overruled."

In Archbold's Pleading, ed. of 1824, p. 102, the rule is laid down as follows : "So, the declaration must contain an averment of notice having been given to the defendant of a certain act done, in all cases where the action does not lie before such notice has been given. Thus, if the act on which the plaintiff's demand arises be secret, and lie only with the plaintiff's knowledge, as, if a man promised to pay such a rate for wares as another paid him, the plaintiff should allege notice of the rate which another gave;   *   *   or to deliver so much corn at the fair, if the plaintiff approve of it." "The plaintiff must aver a notice that he approve of it;   *   *   and the same upon a promise to repay so much to B if he disliked such lands;   *   *   or to seal such an escrow as he or his counsel shall devise;   *   *   or to account before auditors whom the obligee shall assign;   *   *   or to pay plaintiff all his costs in such a suit;   *   *   or the damages he sustained by such a battery." "But if a man be bound, covenant, or assume to pay money, convey lands, &c., on the performance of an act by a stranger, no averment of notice is requisite; for it lies in the defendant's knowledge as well as the plaintiff's, and he ought to take notice of it at his peril;   *   *   as, if he assume to pay so much when A marries;   *   *   or when A returns to the kingdom,   *   *   or performs such a journey; or if he assume, &c., to pay so much as A shall name, or to pay if A do not pay, or to pay so much for every acre above twenty when A measures them, or to make such assurance as A shall advise D, or as his counsel shall advise.   *   *   So, if he assume, &c., to pay, &c., on the performance of

a certain act by the obligee himself, or on the performance of an act by him to any certain person, the performance need not be averred, for the defendant takes upon himself to take notice of it upon his peril."

Applying these rules, it appears to me that in the present case there is no implied stipulation for notice of the failure on the part of the defendant's daughter to perform, or of her revocation. In the words of Parsons (2 Parsons on Con. 671), "It is as likely to be known to the party who is to do the act required by the contract as to him for whose benefit it is to be done."

The undertaking to see that his daughter did not revoke, was an act to be done for the plaintiff's benefit.

I think it was not necessary either to aver or to prove notice.

It was because the infant had a perfect legal right to rescind the contract that the plaintiff took the defendant's guaranty that she should not do so; and I see nothing out of the way in such a contract.

The case finds a certain sum distributed. There seems to be no question that the plaintiff is entitled to recover the infant's share of that, with interest from the time of distribution. The case finds a further sum remaining undistributed. I know of no principle by virtue of which it can be assumed that any expenses of administration remained to be deducted from it. The records of the probate court showing nothing further, any facts tending to show that this sum would be subject to deductions would seem to be affirmative matter, proper to be proved by the party relying upon them.

The plaintiff paid $150 for the right to receive the infant's share of the estate. The amount of his damage was just that share, with the interest upon it. It is not necessary to settle fully what would have been the effect of accepting that tender. I think the plaintiff could not accept the tender, and at the same time claim that the infant had broken her contract. Having received no benefit from the amount tendered, he ought to make no allowance for it.

SMITH, J., and * RAND, J., C. C., concurred.

*Exceptions overruled.*

---

* LADD, J., did not sit.